UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RAYNA P. GRIFFITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No._____ |
| | ) |
| HARDIN-CENTRAL C-2 SCHOOL | ) |
| DISTRICT; DAMON CLODFELTER; | ) |
| AND ERICA MCBEE, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Rayna P. Griffith, by and through her undersigned attorneys of record, and for her claims against Defendants Hardin-Central C-2 School District, Damon Clodfelter, and Erica McBee states and alleges as follows:

## JURISDICTION & VENUE

1. This Court has federal question jurisdiction of this matter, pursuant to 28 U.S.C. §§1331 and 1343 because Plaintiff Rayna P. Griffith seeks relief under Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681-1688 ("Title IX"), and this Court has supplemental jurisdiction over Plaintiff's state law claims pleaded herein.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

3. Plaintiff Rayna Griffith is an individual over the age of eighteen (18) years and a citizen and resident of Ray County, Missouri. On or about October 23, 2013, Plaintiff Rayna Griffith was thirteen (13) years of age, a minor child, and a female student in the Hardin-Central C-2 School District.

1

4. Defendant Hardin-Central C-2 School District (hereinafter "Defendant District") is and was at all relevant times a public-school district located in Ray County, Missouri, existing in and organized under the laws and regulations of the State of Missouri.

5. At all relevant times, Defendant District was a public school and place of public accommodation that receives federal funds within the meaning of Title IX.

6. Defendant Damon Clodfelter is a citizen and resident of Missouri. At all times mentioned herein, Damon Clodfelter was acting in the course and scope of his employment for Hardin-Central C-2 School District and was responsible for the education, supervision, and safety of students attending Hardin-Central C-2, including Rayna Griffith, as well as ensuring that the Hardin-Central staff was properly trained to handle harassment, bullying and discrimination at Hardin-Central.

7. Defendant Erica McBee is a citizen and resident of Missouri. At all times mentioned herein, Erica McBee was acting in the course and scope of her employment for Hardin-Central C-2 School District and was responsible for the education, supervision, and safety of students attending Hardin-Central C-2, including Rayna Griffith, as well as ensuring the safety and well-being of student-participants in the Hardin-Central FFA organization and at FFA school-sponsored events.

## FACTS

8. On October 23, 2013, Plaintiff Rayna Griffith was raped, sexually assaulted, and sexually harassed by then seventeen (17) year old Allen Ray Hall, a Hardin-Central high school student, during an FFA community food drive sponsored by the Hardin-Central C-2 School District in the City of Hardin, Missouri.

9. Defendants had a duty to adequately supervise Hardin-Central C-2 students, including Allen Ray Hall and Rayna Griffith, while they participated in a Hardin-Central C-2 school-sponsored event and while they were on Hardin-Central C-2 property, but failed to do so.

10. Prior to October 23, 2013, Rayna Griffith's parents informed Defendants on at least two (2) occasions that Allen Ray Hall was sexually harassing Rayna Griffith via text message during September and October of 2013.

11. In September of 2013, Rayna Griffith's mother, Desiree Shepard, personally met with Hardin-Central Principal Damon Clodfelter and Superintendent Martin Griffin to report sexual text messages sent to Rayna Griffith by fellow student Allen Ray Hall.

12. During that meeting in September of 2013, Superintendent Griffin told Mrs. Shepard, "Once they walk out the door I cannot do anything about it."

13. Thereafter, Rayna Griffith's parents were notified of an upcoming school-sponsored FFA community food drive scheduled to take place on October 23, 2013.

14. Parent-Teacher Conferences were held at Hardin-Central C-2 during the first or second week of October in 2013.

15. Mrs. Shepard met with one of Rayna's teachers, Erica McBee, who was also the coordinator of Hardin-Central's FFA organization and the October 23, 2013 FFA community food drive.

16. The first issue raised by Mrs. Shepard during the Parent-Teacher Conference with Erica McBee in early October, 2013, were the sexual text messages discovered by Mrs. Shepard sent to Rayna by fellow student Allen Ray Hall. Erica McBee responded, "That sounds like Allen."

17. During the meeting, Mrs. Shepard informed Erica McBee that Rayna could only attend the FFA community food drive if a chaperone was present during the food drive and Allen Ray Hall was not permitted to be near or alone with Rayna.

18. Erica McBee informed Mrs. Shepard that it would not be a problem, and that Erica McBee would watch Allen Ray Hall and Rayna during the FFA food drive.

19. On the night of October 23, 2013, Rayna Griffith participated in the FFA community food drive sponsored by the Hardin-Central C-2 School District FFA.

20. Defendant Erica McBee was the faculty member who oversaw the FFA community food drive, but Erica McBee did not leave the school premises on the night of the food drive.

21. During the FFA food drive, Allen Ray Hall and Rayna Griffith paired together and Allen Ray Hall coaxed Rayna into an abandoned shed in town where he raped and sexually assaulted her.

22. On or about October 29, 2013, Rayna Griffith and her mother met with Principal Damon Clodfelter and reported the rape and sexual assault of Rayna during the FFA food drive.

23. After the October 23, 2013 rape and sexual assault of Rayna Griffith, Defendant District suspended Rayna Griffith from the school and sent her home for approximately (10) days.

24. After the October 23, 2013 rape and sexual assault, Rayna Griffith was subjected to continued bullying and harassment regarding the sexual assault by Allen Ray Hall and other students at Hardin-Central C-2, including, but not limited to, M.D., J.R., J.M., District administrators, and District faculty.

25. After the October 23, 2013 rape and sexual assault, Defendants allowed Allen Ray Hall to remain in the school building, attend school with Rayna Griffith, and play sports until Allen Ray Hall graduated from Hardin-Central C-2 in May of 2014.

4

26. The bullying and harassment became so prevalent that other students would scream "Sloppy Seconds!" at Rayna in the halls at school, accuse Rayna of being pregnant, and Hardin-Central administrators would interrogate Rayna about her level of sexual activity, up to and including Rayna's graduation from high school in May of 2018.

27. Rayna Griffith's parents reported the rape, continued bullying, and harassment by other students to Hardin-Central C-2 officials, including Damon Clodfelter, Phyllis Pruder, Erica McBee, Julie Griggs, and Cheryl Street, but the bullying and sexual harassment continued up to and including the date of Rayna's graduation from high school due to lack of adequate supervision by Defendants.

28. During the 2013-2014 school year, Rayna Griffith discontinued participation in all extracurricular activities at Hardin-Central C-2 because she no longer felt safe in participating in such extracurricular activities due to the rape and continued bullying and sexual harassment by fellow students.

29. For the remainder of her high school academic career, Rayna Griffith would skip classes or discontinue participation in specific school sponsored events because she no longer felt safe in participating in such extracurricular activities due to the rape, continued bullying, humiliation, ridicule, verbal abuse, and sexual harassment by fellow students.

30. At all times mentioned herein, Defendants had specific duties to follow Missouri law (including, but not limited to, Mo.Rev.Stat. §§160.261 and 160.775) and Hardin-Central C-2 school policies to prevent bullying (Hardin Policy 2655) and sexual harassment or assault.

31. At the time of the occurrences mentioned herein, the District had written Policies entitled "Prohibition Against Harassment, Discrimination and Retaliation," "Nondiscrimination

5

and Student Rights," and "Discipline—Bullying" that prohibited student-on-student sexual harassment.

32. At the time of the occurrences mentioned herein, Hardin-Central C-2 School District Policy 2730 provided: "Students are to be under supervision of the professional staff at all times during school hours and at school sponsored activities."

33. Policy 2730 provided further, "It is the responsibility of principals to arrange for adequate supervision."

34. Damon Clodfelter and Erica MsBee failed to comply with Hardin-Central C-2's policies by not supervising the FFA community food drive wherein Rayna Griffith was raped, and by allowing continued bullying and sexual harassment of Rayna Griffith by fellow students, as well as by Erica McBee as a teacher, without adequate supervision.

35. As a direct and proximate result of Defendants' actions and inactions, Plaintiff Rayna Griffith suffered educational, medical, mental and emotional damages.

36. At the time of the occurrence mentioned herein, Defendants Hardin-Central C-2 School District and Damon Clodfelter had direct knowledge of prior violent student-on-student sexual assaults that took place on school premises, such that the actions or inactions of Defendants showed a conscious disregard for the rights of Plaintiff Rayna Griffith warranting punitive damages.
6

Case 4:18-cv-00827-GAF   Document 1   Filed 10/17/18   Page 6 of 12

## COUNT I
### Violation of Title IX of the Education Amendments of 1972
### (Defendant Hardin-Central C-2 School District)

37. Plaintiff incorporates by reference the foregoing allegations.

38. Defendant District is a public school and place of public accommodation that receives federal funds.

39. Title IX prohibits sexual harassment of students in any school that receives federal funding.

40. At the time of the FFA food drive, Defendant District had authority over Allen Ray Hall, Rayna Griffith, and the FFA food drive event.

41. The sexual harassment of Rayna Griffith, described above, was so severe, pervasive, and objectively offensive that it could be said to have deprived Rayna Griffith of educational opportunities or benefits provided by the Hardin-Central C-2 School District.

42. The District, through its agents, had actual knowledge of Allen Ray Hall's propensities, the rape and sexual assault on October 23, 2013, and the sexual harassment of Rayna Griffith.

43. The District, through its agents, was deliberately indifferent to Rayna Griffith's safety and the harassment of Rayna Griffith by Allen Ray Hall, fellow students, and faculty.

44. As a direct and proximate result of the District's violations of Title IX, Plaintiff Rayna Griffith was damaged.

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor against Defendant Hardin-Central C-2 School District for actual, compensatory, and punitive damages, plus attorneys' fees and expenses, costs, interest, and such other and further relief as the Court may deem just and proper.

## COUNT II
### Negligence/Breach of Ministerial Duties
### (Defendants Damon Clodfelter and Erica McBee)

45. Plaintiff incorporates by reference the foregoing allegations.

46. Public employees are not immune from liability for harm caused, or contributed to be caused, by violations of their departmentally mandated duties, duty imposed by statute, or duty imposed by regulation.

47. Departmentally mandated duties may arise from sources other than statutes or regulations which include, but are not limited to, internal policies, rules, including training materials used to show what actions can and cannot be taken when presented with certain facts, orders from a superior, and in other ways that show that the employee is required to act in a certain way without regard to his or her own judgment or opinion concerning the propriety of the act to be performed.

48. Hardin-Central C-2 School District has adopted written policies that prohibit harassment on the basis of sex, including student-on-student harassment, entitled "Prohibition Against Harassment, Discrimination and Retaliation," "Nondiscrimination and Student Rights," and "Discipline—Bullying".

49. Missouri law requires Hardin-Central C-2 School District to have anti-bullying policies pursuant to Mo.Rev.Stat. §160.775.

50. At the time of the occurrences mentioned herein, Hardin-Central C-2 School District Policy 2730 provided: "Students are to be under supervision of the professional staff at all times during school hours and at school sponsored activities."

51. Policy 2730 provided further, "It is the responsibility of principals to arrange for adequate supervision."

52. At all times mentioned herein, Defendants Clodfelter and McBee had specific legal duties to comply with mandatory laws and Hardin-Central C-2's policies including, but not limited to, "Prohibition Against Harassment, Discrimination and Retaliation"; "Nondiscrimination and Student Rights"; "Discipline—Bullying"; "Supervision of Students," without regard for their own judgment or opinion concerning the propriety of the acts to be performed.

53. Defendants Clodfelter and McBee knew or should have known that Allen Ray Hall posed a danger of sexual harassment toward Rayna Griffith, and that other fellow students posed a danger of sexual harassment and bullying toward Rayna Griffith.

54. Defendants Clodfelter and McBee were negligent in failing to adequately supervise their students, including, but not limited to, Rayna Griffith and Allen Ray Hall, to prohibit violation of Hardin-Central C-2's policies against sexual harassment, bullying, and teacher supervision of students.

55. Defendants Clodfelter and McBee were negligent in failing to take actions in response to repeated complaints and knowledge of bullying, harassment, and discrimination towards Plaintiff Rayna Griffith, which illustrate a complete failure to comply with Missouri law, to wit: Mo.Rev.Stat. §160.261, §160.775.

56. The above actions and inactions of Defendants constitute violations of their ministerial function and/or duties, and directly caused or contributed to cause Plaintiff significant emotional and mental trauma.

57. As a direct and proximate result of Employee Defendants' negligence, Plaintiff Rayna Griffith was damaged.

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor against Defendants Clodfelter and McBee for actual, compensatory, and punitive damages, plus attorneys' fees and expenses, costs, interest, and such other and further relief as the Court may deem just and proper.

## COUNT III
### Vicarious Liability (*Respondeat Superior*)
### (Defendant Hardin-Central C-2 School District)

58. Plaintiff incorporates by reference the foregoing allegations.

59. At all times mentioned herein, Plaintiff Rayna Griffith was under the care, custody and control of Defendant Hardin-Central C-2 School District.

60. At all times mentioned herein, the employees, agents, and/or independent contractors of Defendant Hardin-Central C-2 School District, including, but not limited to, Defendants Clodfelter and McBee, and each of them, were acting within their scope of employment or contractual relationship.

61. At all times in which Plaintiff was a student within the Hardin-Central C-2 School District, Defendant Hardin-Central C-2, liable through *respondeat superior*, had a ministerial duty to possess and use the same degree of care ordinarily used by reasonable and/or careful educational authorities to properly supervise its similarly situated students and to protect Plaintiff Rayna Griffith from the foreseeable and unreasonable risks of harm.

62. Departmentally mandated duties may arise from sources other than statutes or regulations which include, but are not limited to, internal policies, rules, including training materials used to show what actions can and cannot be taken when presented with certain facts, orders from a superior, and in other ways that show that the employee is required to act in a certain

10

Case 4:18-cv-00827-GAF   Document 1   Filed 10/17/18   Page 10 of 12

way without regard to his or her own judgment or opinion concerning the propriety of the act to be performed.

63. As set forth in the paragraphs above and below, the actions and inactions of Defendant Hardin-Central C-2 School District, liable through *respondeat superior*, alone or together constituted violations of departmentally mandated rules, duties imposed by statute, or duties imposed by regulations, in that the District:

   a) Failed to comply or act as required by the District's "Prohibition Against Harassment, Discrimination and Retaliation," "Nondiscrimination and Student Rights," and "Discipline—Bullying" policies;

   b) Failed to comply or act as required by District Policy 2730 which mandated that "Students are to be under supervision of the professional staff at all times during school hours and at school sponsored activities";

   c) Failed to comply or act as required by District Policy 2730 requiring "principals to arrange for adequate supervision";

   d) Failed to adequately supervise students, including, but not limited to, Rayna Griffith and Allen Ray Hall, to prohibit violation of Hardin-Central C-2's policies against sexual harassment, bullying, and teacher supervision of students; and

   e) Failed to take actions in response to repeated complaints and knowledge of bullying, harassment, and discrimination towards Plaintiff Rayna Griffith, which illustrate a complete failure to comply with Missouri law, to wit: Mo.Rev.Stat. §160.261, §160.775, and District policies.

64. The actions and inactions of Defendant Hardin-Central C-2 School District, liable through *respondeat superior*, as more specifically alleged herein, that constitute violations of their

ministerial function and/or duty, directly caused or contributed to cause Plaintiff significant emotional and mental trauma.

65. As a direct and proximate result of Defendants' negligence, Plaintiff Rayna Griffith was damaged.

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor against Defendant Hardin-Central C-2 School District for actual, compensatory, and punitive damages, plus attorneys' fees and expenses, costs, interest, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**VAN ZANTEN & ONIK, L.L.C.**

/s/Thomas R. Onik
Hans H. van Zanten, MO 52045
hvanzanten@vzolaw.com
Thomas R. Onik, MO 62088
tonik@vzolaw.com
City Center Square
1100 Main Street, Suite 1645
Kansas City, Missouri 64105
(816) 479-0404
FAX (816) 673-2095

And

**AULL, SHERMAN, WORTHINGTON, GIORZA, HAMILTON, L.L.C.**

/s/Scott C. Hamilton
Scott C. Hamilton, MO 45430
hamilton.scottc@gmail.com
9 South Eleventh Street
PO Box 280
Lexington, Missouri 64067
(660) 259-2277
FAX: (660) 259-4445

**ATTORNEYS FOR PLAINTIFF**